**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: June 13, 2025.**



_____
**SHAD M. ROBINSON
UNITED STATES BANKRUPTCY JUDGE**

_____

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 25-10106-SMR |
| | § | |
| RICHARD THOMAS GREEN, JR., | § | |
| ADRIANA CORDEIRO GREEN, | § | |
| | § | |
| DEBTORS. | § | CHAPTER 13 |

### ORDER DENYING CONFIRMATION OF PLAN, DISMISSING CASE FOR FAILURE TO FILE REQUIRED DOCUMENTS AND REQUIRING REFUND OF ATTORNEY'S FEES TO DEBTORS
### (Relates to ECF Nos. 25, 35 & 38)

On January 27, 2025, the above-referenced Debtors filed their voluntary petition for relief under Chapter 13 of the Bankruptcy Code. ECF No. 1. On March 25, 2025, the Chapter 13 Trustee (the "Trustee") filed an *Objection to Confirmation of Proposed Plan* (the "Objection" at ECF No. 25), arguing that the Debtors' case was automatically dismissed under 11 U.S.C. § 521(i) on March 14, 2025 because the Debtors timely filed some, but not all, of their required payment advices—a violation of 11 U.S.C. § 521(a)(1)(B)(iv).

On May 2, 2025, the Debtors filed their *Amended Chapter 13 Plan* (the "Plan" at ECF

No. 35). On May 6, 2025, the Debtors filed a *Response to the Objection* (the "Response" at ECF No. 37) asserting that the Debtors filed their Chapter 13 Plan in good faith and alleging that the Debtors' failure to file incomplete pay advices was excusable neglect.

On May 30, 2025, the Court issued an Order to Show Cause (the "Show Cause Order" at ECF No. 38). The Show Cause Order set a hearing on June 9, 2025 for Debtors' counsel Mr. Nicholas Inman ("Mr. Inman"), an attorney at the Allmand Law Firm ("Allmand Law Firm"), to submit evidence and show cause to the Court why Allmand Law Firm (i) should not be required to disgorge all or a portion of their fees; (ii) should not be sanctioned; and/or (iii) should not be subject to such other relief as the Court deemed reasonable and appropriate.

Confirmation of the Debtors' Plan was reset multiple times, and on June 9, 2025, the Court held a hearing (the "Hearing") on confirmation of the Plan, the Objection, and the Show Cause Order. The Trustee and Mr. Inman appeared at the Hearing and presented argument. For the reasons set forth on the record, the Court denies confirmation of the Debtors' Plan, dismisses the case under 11 U.S.C. § 521 for failure to timely file pay advices, and orders Allmand Law Firm to refund the Debtors the total amount of $1,028.00 within ten (10) days of the entry of this Order. The Court further finds that Allmand Law Firm shall be required to provide a Notice of Refund within ten (10) days of the refund provided to the Debtors.

Section 521(i) states: "if an individual debtor in a voluntary case under chapter 7 or 13 fails to file all of the information required under [§ 521(a)(1)] within 45 days after the effective date of the filing of the petition, the case shall be automatically dismissed effective on the 46th day after the date of the filing of the petition." 11 U.S.C. § 521. The Debtors' petition in this case was filed on January 27, 2025,[1] and the 45th day after January 27, 2025 was March 13, 2025. The

---

[1] *Voluntary Petition under Chapter 13 (Individual) With Schedules, With Statements*, ECF No. 1 (filed 1/27/2025).

Debtors did not file all of the information required under § 521(a)(1) before the end of the day on March 13, 2025. No request for an extension was filed before the expiration of the deadline under § 521(i). Based on the specific facts of this case,[2] the Court finds that the Debtors' case was automatically dismissed effective on March 14, 2025. Accordingly,

**IT IS THEREFORE ORDERED** that confirmation of the Debtors' Plan at ECF No. 35 is **DENIED.**

**IT IS FURTHER ORDERED** that the above-captioned case is **DISMISSED** without prejudice to refiling.

**IT IS FURTHER ORDERED** that Debtors' counsel Allmand Law Firm shall refund the Debtors the total amount of $1,028.00 within ten (10) days of the entry of this Order.

**IT IS FURTHER ORDERED** that Debtors' counsel Allmand Law Firm shall file a Notice of Refund showing proof of the refund within ten (10) business days after issuance of the refund.

**IT IS FURTHER ORDERED** that effective of the date of this Order, no further payments shall be sent to Deborah B. Langehennig, the Chapter 13 Trustee.

**IT IS FURTHER ORDERED** that the Chapter 13 Trustee shall be discharged and relieved of her trust and of her sureties, and that the remaining balances of all debts due and owing creditors as of the date of this dismissal are not discharged or affected in any manner by this Order.

**IT IS FURTHER ORDERED** that this Court retains jurisdiction over all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

# # #

---

[2] The Court will continue to analyze whether dismissal under 11 U.S.C. § 521(i) is appropriate on a case-by-case basis and at this time declines to apply a blanket policy regarding dismissal under § 521(i).